NOT DESIGNATED FOR PUBLICATION

No. 116,932

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MIGUEL A. AGUILAR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed August 4, 2017. Affirmed.

Submitted for summary disposition pursuant K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and BURGESS, S.J.

*Per Curiam*: Miguel A. Aguilar appeals the decision of the trial court revoking his probation and ordering him to serve his underlying sentence. We granted Aguilar's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Concluding that the trial court did not abuse its discretion because Aguilar admitted to his commission of a new crime, we affirm.

FACTUAL AND PROCEDURAL HISTORY

As part of a plea agreement, Aguilar pled guilty to attempted robbery and aggravated assault. The district court sentenced him to a 36-month prison sentence but granted him probation for a term of 24 months.

1

Over a year into his probation, the State alleged that Aguilar had violated probation by missing curfew twice and testing positive for methamphetamine three times. Aguilar admitted to the violations. The district court ordered Aguilar to serve 2 days in jail and extended his probation by 12 months.

One month later, Aguilar again violated probation when he failed to report for drug testing twice, failed to attend drug-and-alcohol treatment, and was unsuccessfully discharged from the treatment program. As a result, the district court extended Aguilar's probation by another 12 months and ordered him to complete residential community corrections in Sedgewick County and to obtain a new drug-and-alcohol evaluation while in custody.

Approximately 3 months after he completed treatment, the State issued a warrant for Aguilar for violating his probation by committing the crime of theft, failing to inform his probation officer of contact with law enforcement, and failing to maintain employment. Aguilar subsequently admitted committing the new theft offense and violating his probation as alleged. At his revocation hearing, the district court explained that it was not statutorily required to grant intermediate sanctions because Aguilar had committed a new offense, so it revoked Aguilar's probation, denied his motion to modify his sentence to 23 months, and imposed the underlying sentence.

ANALYSIS

On appeal, Aguilar argues that the district court abused its discretion when it revoked his probation rather than imposing an intermediate sanction or reducing his underlying prison sentence.

Once a probation violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28,

2

182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2016 Supp. 22-3716, which requires that, in most circumstances, the court impose a graduated series of intermediate sanctions before revoking probation and ordering the defendant to serve his or her remaining prison sentence. But its provisions requiring intermediate sanctions do not apply once the court finds that the defendant has committed a new offense. K.S.A. 2016 Supp. 22-3716(c)(8)(A). Accordingly, we review the district court's decision only for an abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Aguilar concedes that the district court has the discretion to bypass intermediate sanctions in this case because he committed a new offense. Even so, he argues that imposing the underlying sentence instead of an intermediate sanction or a reduced sentence was unreasonable for the theft of $40 boots.

We find nothing unreasonable about the district court's decision here. The district court had extended Aguilar's probation twice and imposed two intermediate sanctions. Aguilar repeatedly violated his probation, continuing to miss curfew and use methamphetamine. At his third hearing, Aguilar conceded that he committed a new criminal offense in Salina. Under these circumstances, it is reasonable for the court to find Aguilar not amenable to probation and to require him to serve his underlying prison sentence.

We therefore affirm the district court's judgment.